**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| ADRIANNA TUEL, | ) CASE NO. 5:21-cv-01586 |
| Plaintiff, | ) JUDGE DAVID A. RUIZ |
| v. | ) |
| KILOLO KIJAKAZI,<br>  *Acting Comm'r of Soc. Sec.*, | ) **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) |

This matter is before the Court on the Magistrate Judge's Report and Recommendation (R&R). (R. 13). Plaintiff Adrianna Tuel's Complaint (R. 1) challenges the final decision of the Commissioner of Social Security denying her applications for a Period of Disability (POD), Disability Insurance Benefits (DIB), and Supplemental Security Income (SSI). Pursuant to Local Rule 72.2, the case was referred to the magistrate judge. The Magistrate Judge issued the R&R on May 25, 2022, recommending the Court affirm the Commissioner's decision. (R. 13). Plaintiff filed a timely Objection to the R&R on June 8, 2022. (R. 14). For the following reasons, the R&R will be REJECTED in part and the decision of the Commissioner will be REVERSED, with the matter REMANDED for further proceedings.

### I. Standard of Review for a Magistrate Judge's Report and Recommendation

The applicable standard of review of a magistrate judge's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. Fed. R. Civ. P. 72(b)(3) states:

> *Resolving Objections*. The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Here, Plaintiff objects to the Magistrate Judge's conclusion that the Administrative Law Judge (ALJ) properly supported his Step Three finding that Plaintiff's migraine headaches do not meet or medically equal a listing. (R. 14). The Court thus reviews this issue *de novo*.[1]

### II. Discussion

<u>Standard of review</u>

The Commissioner determines whether a claimant is disabled for the purposes of receiving benefits pursuant to the Social Security Act by way of a five-stage process. 20 C.F.R. §§ 404.1505, 416.905; *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 528

---

[1] Neither Tuel nor the Commissioner objects to any other issues considered in the Report and Recommendation. The Court therefore applies a clear error standard in reviewing the remainder of the Report and Recommendation. *See* Fed. R. Civ. P. 72 advisory committee's notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879)); *see also Schuster v. Comm'r of Soc. Sec. Admin.*, 2022 WL 219327, at *1 (N.D. Ohio Jan. 25, 2022) ("In the Sixth Circuit, failure to object constitutes a forfeiture.") (citing *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019)).

The Court having carefully reviewed the remainder of the Report and Recommendation, finds no clear error, and agrees with the findings set forth therein.

(6th Cir. 1981); *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). Relevant here is the ALJ's analysis and decision at Step Three regarding whether Ms. Tuel met an impairment listing.

At Step Three, the ALJ must find a claimant disabled if the claimant's impairment meets or medically equals a listed impairment. 20 C.F.R. § 404.1520(a)(iii). The burden is on the claimant to point to specific evidence in the record that demonstrates he or she could reasonably meet or equal every requirement of the listing. *Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 432 (6th Cir. 2014).

To this point, courts have recognized that even an ALJ's "cursory" analysis at Step Three does not necessarily require a remand so long as the ALJ's opinion as a whole demonstrates sufficient consideration of the relevant evidence. *Dunkel v. Comm'r of Soc. Sec.*, 2020 WL 1502006, at *2 (E.D. Mich. Mar. 30, 2020) (citations omitted).

While there sometimes may be a fine line between this holistic approach and post-hoc rationalization, any impermissible post-hoc rationalization is avoided "so long as [the reviewing court] confines its inquiry to the ALJ's own analysis and assessment of the record, whether incorporated explicitly into the ALJ's step three findings or set forth 'at other steps of [his or her] decision.'" *Dunkel*, 2020 WL 1502006, at *2 (quoting *Smith-Johnson*, 579 F. App'x at 435).

Plaintiff's Objection

Here, as noted, Ms. Tuel argues that the Magistrate Judge erred by recommending that the reviewing court accept the ALJ's "scant and inaccurate reasons" in support of the finding that Plaintiff's migraine headaches do not meet or medically equal Listing 11.02. (R. 14, PageID# 1983-85). Specifically, Plaintiff raises three errors (*Id.*, PageID# 1985,

3

1987-89) in the ALJ's opinion which she alleges the R&R either improperly endorsed or failed to address:

(1) the only reason cited by the ALJ at Step Three to support the finding that the migraines were not equal to a listing is that "there is no opinion from a medical expert that states the claimant equals a listing;" (R. 13, PageID# 1977-80);

(2) the ALJ claimed that Plaintiff's headaches "improved with medication," when, in fact, they did not; (*See*, *id*., PageID# 1982); and

(3) the ALJ failed to account for Plaintiff's chronic migraines in the residual functional capacity (RFC) assessment. (R. 14, ECF PageID# 1988).

Analysis

In this regard, the R&R found that the ALJ "correctly notes" that "no medical expert opined Tuel met or equaled a Listing." (R. 13, PageID# 1979). The R&R also stated that in light of the fact that the two state agency opinions here—one in March 2019 and the other in August 2019 (*id*., PageID# 1969)—determined that Ms. Tuel did not meet a listing, that alone was sufficient evidence to support the ALJ's finding. (*Id*., PageID# 1979-80).

While Plaintiff and the R&R disagree regarding whether a medical expert's opinion is necessary before a determination of medical equivalency can be found, (*see* R. 13, PageID# 1979 n.3; R. 14, PageID# 1985), it is uncontested that the two state agency opinions occurred well before significant clinical evidence was developed that directly relates to Ms. Tuel's assertion that she continued to experience headaches of sufficient duration and severity to meet Listing 11.02. To this point, the latest of the state agency opinions was rendered in August 2019. The R&R, however, details extensive clinical

4

records produced after that date: October 2019 (daily headaches at a level of 6/10 with symptoms of sharp pain, dizziness, light, and sound sensitivity) (R. 13, PageID# 1968); February 2020 (daily headaches, vertigo, blurred vision) (*id.*, at PageID# 1969); April 2020 (daily debilitating headaches, no relief from amitriptyline, metoprolol, or Aijovy) (*id.*).

The general rule is that a state agency opinion may be relied upon by the ALJ when it is based on a review of the entire record. SSR 96-6p, 1996 WL 374180, at *3 (July 2, 1996). An exception for opinions that have not considered the entire record is recognized where the ALJ himself or herself considers the medical evidence that came into the record after the agency opinion and takes such evidence into account. *McGrew v. Comm'r of Soc. Sec.*, 343 F. App'x 26, 32 (6th Cir. 2009).

Here, it is clear that the ALJ noted and discussed some but not all the pertinent clinical evidence post-dating the state agency opinions. For example, the ALJ's decision references records from: September 2019 (worsening headaches); October 2019 (no change in daily headaches; report that Lopressor was "helping"); November 2019 (headaches "improved" after first injection); January 2020 (60 percent relief after trigger point injections); and March 2020 (claimant began a workout program and was working out every night). (R. 7, PageID# 61).

However, it is also clear that the ALJ's discussion did not extend to the last clinical report, from April 7, 2020, where, as noted above, the claimant reported daily debilitating headaches and that multiple medications had been tried but offered no sustained relief. (R. 13, PageID# 1969 (citing transcript)). While the ALJ is not obligated to discuss every piece of evidence, *Conner v. Comm'r of Soc. Sec.*, 658 F. App'x 248,

5

254 (6th Cir. 2016) (citation omitted), neither may the ALJ omit consideration of evidence that potentially contradicts his or her conclusions. *Shrader v. Astrue*, 2012 WL 5383120, at *5 (E.D. Mich. Nov. 1, 2012).

In this case, the ALJ's conclusion regarding the meeting of a listing rests on state agency opinions that were rendered without review of multiple months of treatment records—a situation that was then purportedly justified by a discussion, of those records, which failed to include the most recent record that arguably contradicted the prior observations. The April 2020 treatment notes, not discussed by the ALJ, are not simply cumulative of other portions of the record. Rather, they reasonably can be viewed— absent any analysis or explanation by the ALJ otherwise—as undermining the ALJ's conclusion, as expressed in the R&R, that the record evidence established Plaintiff's headaches "improved with medication as shown by her return to daily exercise and self-reports." (R. 13, PageID# 1982). As such, the R&R cannot be accepted as being supported by substantial evidence and the Commissioner's decision regarding the failure to meet a listing is deficient and must be reversed.

That said, nothing here should be understood as prejudging whether the evidence, viewed in its totality, establishes that the claimant actually meets the relevant listing, with its requirements of duration and severity. Further, because the question of support for the ALJ's finding in Step Three is dispositive, the Court declines to consider Plaintiff's additional arguments asserting the ALJ failed to provide substantial evidence to support the assessed RFC. Again, the fact that this issue was not addressed here should not be understood as prejudging it on remand. Rather, by exercising judicial restraint, the Commissioner will have the opportunity upon remand to consider the complete record, in

light of the governing regulations, law, this decision, and Plaintiff's arguments regarding the listings and RFC, to render a new decision on Plaintiff's claims.

### III. Conclusion

The Magistrate Judge's Report and Recommendation (R. 13) is hereby REJECTED IN PART and ADOPTED IN PART, for the foregoing reasons. The Commissioner's decision is hereby REVERSED and the matter REMANDED for further proceedings consistent with this opinion.

IT IS SO ORDERED.

s/ *David A. Ruiz*
David A. Ruiz
United States District Judge

Date: September 30, 2022